## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF PUERTO RICO

IN RE:                                         :
                                               :
RAFAEL A. MALDONADO ROSADO                     :     Case No. 01-06989(ESL)
OMAYRA OLMO RODRIGUEZ                           :
                                               :     **Chapter 13**
    Debtors.                                    :
_____        :
                                               :
RAFAEL MALDONADO ROSADO                         :
OMAYRA OLMO RODRIGUEZ                           :     Adv. No. 08-00153
                                               :
    v.                                          :
                                               :
VICTOR MANUEL CRUZ COLON;                       :
LYDIA CASTRO SOBERAL;                           :     **Dischargeability of Debt**
THEIR CONJUGAL PARTNERSHIP;                     :     **Violation of Discharge**
LUIS M. MORELL MORELL;                          :     **Injunction and Civil Contempt**
JANE DOE AND THEIR CONJUGAL                     :
PARTNERSHIP; JOHN DOE; XYZ CORP.                :
                                               :
    Defendants.                                 :
_____        :

### PRELIMINARY INJUNCTION

Before the court is the Urgent Motion Requesting Order Staying Eviction (the "Urgent Motion") filed by Rafael Maldonado Rosado and Omayra Olmo Rodriguez ("Debtors") on October 20, 2008 (Docket No. 4). Debtors seek that this court enter an order staying the eviction action against them pending the outcome of the abovecaptioned proceeding. A temporary restraining order was entered on October 20, 2008 (Docket No. 5) and a hearing on the preliminary injunction was scheduled for October 31, 2008. Defendants did not oppose or otherwise reply to the Urgent Motion. Furthermore, Defendants failed to appear at the hearing held on October 31, 2008. Debtors showed that Defendants were duly served with a copy of the complaint, summons, the Urgent Motion and the Temporary Restraining Order, and orally

proffered the facts in the complaint establishing a *prima facie* case for a discharge injunction violation.

For the reasons set forth below, this court hereby grants the Urgent Motion and enjoins Defendants from continuing with the eviction of Debtors from their residence until final judgment on the merits of this proceeding is entered.

### Factual Background

On June 19, 2001 Debtors filed a petition for relief under Chapter 13 of the Bankruptcy Code; Case No. 01-06989. Debtors listed co-defendants Victor Manuel Cruz Colon and Lydia Castro Soberal as unsecured creditors in their Schedule F filed with the Chapter 13 petition on June 19, 2001, with a $15,000 unsecured claim. (Case 01-06989 Dkt. No. 1) Also filed on that date the Statement of Financial Affairs question 4 shows the Superior Court tort action brought against Debtors by co-defendants Mr. Cruz Colon and Ms. Castro Soberal, giving rise to the unsecured claim listed on Schedule F. The master address list of the case filed on June 19, 2001 includes Mr. Cruz Colon and Mr. Luis Morell Morell, Esquire, their counsel in the state court tort action. The Order and Notice for Meeting of Creditors was notified to creditors including Mr. Cruz Colon on June 26, 2001. Such notice provides that in order to have a claim allowed and participate in the distribution of any dividend, a creditor must file a claim in duplicate. Mr. Cruz Colon and Ms. Castro Soberal did not file a proof of claim in Debtors' bankruptcy case.

Debtors' Chapter 13 Plan was confirmed on October 26, 2001. Thereafter, on October 24, 2005, the Discharge Order was entered.

Co-defendants Mr. Cruz Colon and Ms. Castro Soberal continued in their collection efforts against Debtors of the referred unsecured debt included in Debtors Schedule F, presumptively discharged in the Chapter 13 case. A judicial sale in execution of judgment

entered in the tort action took place. At the judicial sale co-defendants Mr. Cruz Colon and Ms. Castro Soberal adjudicated to themselves Debtors' residence. Debtors were informed by a Superior Court of Bayamon Marshall that they are to be evicted of their residence on October 21, 2008. Debtors' residence is described within the books of the Registry of Property, First Section of Arecibo as follows:

> URBANA: Solar identificado con el numero 2 del Bloque F del plano de inscripcion parcen de la Urbanizacion Estancias de la Sabana, Bo. Sabana Hoyos de Arecibo, Puerto Rico. Tiene una cabida de 350.04 metros cuadrados, equivalentes a 0.089 cuerdas. Colinda por el NORTE, con la calle #2 de la Urbanizacion en una distancia de 11.70 metros; por el SUR, con el Solar F-19 en una distancia de 14.00 metros; por el ESTE con el solar F-1 en una distancia de 25.00 metros; y por el OESTE con el Solar F-3 en una distancia de 25.00 metros.

> Enclava una casa de una sola planta constituida en el Hormigon Armado y Bloques de Concreto.

## Conclusions of Law

Fed. R. Bankr. P. 7065, which makes Fed. R. Civ. P. 65 applicable in adversary proceedings before the bankruptcy court, provides for the issuance of injunctions by the bankruptcy court. Subdivision (a)(1) of the rule provides that "[t]he court may issue a preliminary injunction only on notice to the adverse party." The purpose of a preliminary injunction is to maintain the status quo pending the determination of the action. 10 Alan N. Resnick, Henry J. Sommer, Collier on Bankruptcy, ¶ 7065.02 (15th Ed. Rev'd, 2007). Generally, courts will look at a four-factor test upon determining whether to grant a preliminary injunction, to wit, "(1) [w]hether the plaintiff has shown a strong or substantial likelihood or probability of success on the merits; (2) [w]hether the plaintiff has shown irreparable injury; (3) [w]hether the issuance of a preliminary injunction would cause substantial harm to others; (4) [w]hether the public interest would be served by issuing a preliminary injunction. *Id.* Debtors have established a likelihood of success, irreparable injury if the eviction action is allowed to continue, that the

- 3 -

injunction will not cause substantial harm to others and that the public interest will be served if the injunction is issued.

### Conclusion

Having Debtors satisfied the standard for a preliminary injunction, the court hereby orders that, pending a final judgment in this action, Co-Defendants herein are restrained, stayed and enjoined from taking any further action or proceedings of any kind against Debtors, in particular, proceed with the eviction of Debtors' residence as described above.

SO ORDERED.

In San Juan, Puerto Rico, this 14th day of November 2008.

ENRIQUE S. LAMOUTTE
U. S. Bankruptcy Judge

- 4 -