IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF PUERTO RICO

IN RE:                                  :    CASE NO. 01-06989

RAFAEL A. MALDONADO ROSADO;             :
OMAYRA OLMO RODRIGUEZ                    :    CHAPTER 13

    Debtors                             :

                                        :

_____

RAFAEL A. MALDONADO ROSADO;             :
OMAYRA OLMO RODRIGUEZ                    :    ADVERSARY NO. 08-00153

    Plaintiffs                          :

vs.                                     :

VICTOR MANUEL CRUZ COLON;               :
LYDIA CASTRO SOBERAL & THE              :
CONJUGAL PARTNERSHIP COMPRISED:
BY THEM; LUIS MORELL MORELL;            :
ET. ALS                                 :

    Defendants                          :

                                        :

## OPINION AND ORDER

This adversary proceeding is before the court upon a second motion to dismiss filed on February 2, 2009 by Víctor Cruz Colón, Lydia Castro Soberal, the conjugal partnership comprised between them and Luis Morrel Morrel (hereinafter referred to as "Defendants" or "Defendants-Creditors") (Docket No. 32). Defendants argue that their claim is exempted from discharge since their debt is of the kind specified pursuant to 11 U.S.C. §523(a)(9) of the Bankruptcy Code, and as such, Rafael A. Maldonado Rosado and Omayra Olmo Rodriguez's (hereinafter referred to as "Plaintiffs" or "Plaintiffs-Debtors") complaint is devoid of a claim for which relief may be granted. Plaintiffs filed on February 26, 2009 an opposition to Defendants' second motion to dismiss (Docket No. 33), in essence arguing that there was never a determination of non-dischargeability by the Commonwealth of Puerto Rico Court of First Instance-Bayamón Part ("state court"). Plaintiffs request the court to deny the motion to dismiss, order Defendants to answer the complaint and impose sanctions. For the reasons set forth below the second motion to dismiss is denied.

Facts and Procedural Background

Plaintiffs filed a bankruptcy petition under Chapter 13 of the Bankruptcy Code on June 19, 2001. Plaintiffs included in Schedule F- Creditors Holding Unsecured Nonpriority Claims, the amount of $15,000.00 owed to Víctor Cruz Colón and that such debt resulted from a civil action (Docket No. 1 in lead case 01-06989[1]). The address that was listed for Víctor Cruz Colón on Schedule F was the following: P.O. Box 1292, Hatillo, PR 00659 and he was included in the master address list. Attorney Luis Morell Morell was also included in the master address list with the following address: 171 Ave. Muñoz Rivera Oeste #1, Camuy, PR 00627-2335. A copy of the Order and Notice for the meeting of creditors was mailed by first class to Víctor Cruz Colón by the Office of the Chapter 13 Trustee on June 26, 2001 (Docket No. 3 in lead case, pg 2). The 341 creditors meeting was scheduled for July 23, 2001 and was subsequently closed on July 24, 2001 (Dockets in lead case Nos. 3 & 9). The claims register report reveals that Defendants failed to file a proof of claim. Plaintiffs' Chapter 13 plan was confirmed on October 24, 2001 and the corresponding order confirming the plan was granted on October 26, 2001 (Dockets Nos. 19 & 20 in lead case). The Chapter 13 Trustee filed the "Final Report And Account" on August 25, 2005 (Docket No. 40 in lead case) and the Debtors were granted a discharge under 11 U.S.C. §1328(a) of the Bankruptcy Code on October 24, 2005 after completing all payments under its Chapter 13 plan (Docket No. 41 in lead case). Victor Cruz Colón and Luis Morell Morell appear on the certificate of service as having being served copy of the Debtors' discharge order on October 26, 2005 via first class mail (Docket No. 43 in lead case).

On October 7, 2008, Debtors filed a motion to reopen their Chapter 13 case with intent to file a complaint regarding an alleged violation of the discharge injunction and civil contempt committed by Defendants (Docket No. 45 in lead case). The court granted Plaintiffs' request to reopen their Chapter 13 case on October 14, 2005 (Docket No. 47 in lead case).

Subsequently, on October 17, 2008 Plaintiffs filed a complaint based on alleged violations of

---

[1]References to the lead case are to the entries and documents filed in the bankruptcy case, case number 01-06989(ESL).

2

the discharge injunction pursuant to 11 U.S.C. §524(a) of the Bankruptcy Code committed by the Defendants and praying that they should be held in civil contempt for their reckless disregard of this court's discharge order.

Plaintiffs include in the complaint all the alleged facts and the corresponding documentary evidence which constitute violations of the discharge order pursuant to 11 U.S.C. §524(a). Plaintiffs allege the following facts occurred pre-petition: (i) "[o]n or about the date of March 5, 1999, Plaintiff Rafael A. Maldonado Rosado was involved in a traffic accident with Defendants Víctor Manuel Cruz Colón and Lydia Castro Soberal" (Docket No. 1, paragraph 6); (ii) "[o]n or about the date of September 14, 1999 co-defendants Víctor Manuel Colón and Lydia Castro Soberal filed complaint for damages before the State Superior Court of Bayamón under case DDP 1999-0877 (404)" (Docket No. 1, paragraph 7); (iii) on May 4, 2001 Víctor Manuel Cruz Colón and Lydia Castro Soberal through their respective legal representative, Luis M. Morell Morell and Plaintiffs-Debtors entered into a joint stipulation ("Estipulación Sobre Transacción y Solicitud de Sentencia," Docket No. 1, Exhibit 1) to settle a tort claim by which Debtors were obliged to pay $15,000.00 to Víctor Cruz Colón and Lydia Castro Soberal; and (iv) the state court entered the judgment upon stipulation ("Sentencia Por Estipulación," Docket No. 1, Exhibit 2) in case number DDP 1999-0877 (404) on May 23, 2001 and the same was registered and notified on June 7, 2001. The court notes that neither the Debtors or the Creditors have provided a copy of the complaint regarding the tort claim and its answer of the complaint filed in state court to this court. Plaintiffs filed for Chapter 13 bankruptcy relief twelve (12) days (June 19, 2001) after the judgment by stipulation had been registered and notified by the state court to the parties. Plaintiffs allege that on July 5, 2001 they filed a motion in state court informing the same that they had filed a bankruptcy petition and thus, the automatic stay was in effect and all actions regarding the judgment by stipulation were stayed (Docket No. 1, paragraph 16).

In a nutshell, Plaintiffs-Debtors allege that the following facts occurred after the entry of the discharge order: (i) on November 15, 2005, Defendants filed in the state court a motion requesting the execution of the judgment by stipulation entered in case number DDP 1999-0877 (404) regarding the tort claim (Docket No. 1, paragraph 22); (ii) on March 20, 2006, attorney Jaime Rodríguez

3

Rodríguez, legal representative for Plaintiffs-Debtors in the state court proceeding sent a letter to Luis M. Morell Morell requesting Defendants-Creditors to cease collection efforts against Plaintiffs-Debtors in violation of the discharge order entered by this court ("Le estoy solicitando que paralice toda gestión de embargar los bienes de mi cliente a fin de mitigar los daños que esta sufriendo mi cliente a consequencia de la violacion a la orden de descargo emitido por el Tribunal Federal") (Docket No.1, paragraph 23, Exhibit 8); (iii) on April 12, 2006, Plaintiffs-Debtors filed a motion requesting the stay of execution of the judgment pertaining to the tort claim (Docket No. 1, paragraph 24); (iv) on May 5, 2006 the state court ordered the execution proceedings regarding the tort claim judgment to be stayed. The order was notified to plaintiffs and defendants on May 9, 2006 (Docket No. 1, paragraph 25, Exhibit 9); (v) on May 30, 2006, Defendants-Creditors filed a motion in state court requesting reconsideration of the order staying the execution of the tort claim judgment based on the following allegations; (a) their claim was nondischargeable since it originated from an accident caused by the effects of alcohol; (b) the automatic stay is no longer in effect since it ceased to be effective upon the date of the discharge order ("Según se establece en nuestra Moción fechada a 7 de noviembre de 2005, la reclamación de los demandantes no fue descargada en el caso de quiebra de los demandados pues la misma surge de un accidente ocasionado bajo los efectos del licor." "En vista de lo anterior, los demandantes sostienen que la protección de 'paralización automática' que disfrutaron los demandados mientras su caso estuvo pendiente ante la Corte de Quiebras ya no es operativa, pues la misma cesó con la orden de descargo, según dispone de la Sección 362(c)(2) del Código de Quiebras."(Docket No. 1, Exhibit 11, paragraphs 4 & 5); (vi) on June 21, 2006 the state court issued an order taking under advisement the Defendants-Creditors' motion for reconsideration (Docket No. 1, paragraph 27, Exhibit 12); (vii) on September 20, 2006, Defendants-Creditors filed a motion requesting the court to dispose of the motion for reconsideration and order the continuation of the execution proceedings (Docket No.1, paragraph 28, Exhibit 13); (viii) on October 9, 2006, the state court ordered the continuation of the execution of the tort claim judgment ("Enterado. Continuese con la ejecucion.") (Docket No. 1, paragraph 29, Exhibit 14); (ix) on April 11, 2007 Defendants-Creditors filed a motion requesting the execution of the tort claim judgment be effectuated by a public sale of Plaintiffs-Debtors' real estate property. Defendants-Creditors also

requested $500.00 for attorneys' fees, plus accumulated interest at a 5% annual rate computed since June 7, 2001 and 10% of the execution charges (Docket No. 1, paragraph 30, Exhibit 15); (x) on April 24, 2007 the state court ordered the execution of judgment to be carried out through a public sale of Plaintiffs-Debtors real estate property (Docket No. 1, paragraph 31, Exhibit 16); (xi) on August 7, 2008, Defendants-Creditors obtained an act of sale of Plaintiffs-Debtors real estate property by which said real property was adjudicated to Defendants-Creditors since they were the only bidders in the public sale (Docket No.1, paragraph 32, Exhibit 17); (xii) on August 18, 2008 the deed of judicial sale was executed between the state court marshal, Luis Felipe Padin Valentin and Defendants-Creditors before Notary Public Luis M. Morell Morell (Docket No.1, Exhibit 18); and (xiii) Plaintiffs-Debtors were informed by a state court marshal that they are to be evicted from their residence on October 21, 2008 (Docket No.1, paragraph 34).

Given the above-mentioned facts, Plaintiffs-Debtors allege that Defendants-Creditors have violated the discharge injunction by incurring in the following actions: (i) pursuing illegal collection efforts against Plaintiffs-Debtors for a discharged debt and (ii) "...purposely misle[ading] the State Court System by way of false allegations to obtain Plaintiffs main residence in payment of a debt for which Plaintiffs had obtained discharge." (Docket No.1, paragraphs 41, 42 & 45). Plaintiffs-Debtors allege that the judicial sale of their main residence constitutes an illegal act and is thus null and void. (Docket No. 1, paragraphs 46 & 47). Plaintiffs-Debtors also request that Defendants be held in civil contempt.

On October 20, 2008 Plaintiffs-Debtors filed an urgent motion requesting the court to issue a temporary restraining order pursuant to Fed. R. Bankr. P. 7065(b) staying the alleged illegal eviction proceedings (related to the public sale of their residence) pending the outcome of this adversary proceeding. (Docket No. 4). The court granted Plaintiffs-Debtors' request on October 20, 2008 and scheduled an expedited hearing on this particular matter for October 31, 2008. (Docket No. 5). On October 31, 2008, the expedited hearing was held and the court made the following findings: (i) the Defendants-Creditors were duly served with a copy of the complaint, summons, temporary restraining order and the urgent motion to stay eviction; (ii) Plaintiffs-Debtors have a prima facie case of a violation of the discharge injunction; and (iii) Defendants-Creditors have not filed to this date

(October 31, 2008) any opposition or reply to the Urgent Motion and have failed to appear at this expedited hearing. (Dockets No. 12 & 24). The court held at the expedited hearing that it would issue a preliminary injunction enjoining Defendants-Creditors from further prosecuting any action against Plaintiffs-Debtors and scheduled the pre-trial conference for February 27, 2009. (Dockets No. 12 & 24). On November 14, 2008, the court pursuant to Fed. R. Bankr. P. 7065(a)(1) granted Plaintiffs-Debtors' Urgent Motion and enjoined Defendants-Creditors from continuing with the eviction of Plaintiffs-Debtors from their residence until a final judgment on the merits of this proceeding is entered. (Docket No. 20).

Subsequently, on November 6, 2008, Defendants-Creditors filed a motion requesting an extension of thirty (30) days to answer the complaint (Docket No. 13). Defendants-Creditors on November 11, 2008 filed a motion to dismiss alleging that Plaintiffs-Debtors failed to state a claim upon which relief may be granted. Defendants-Creditors in their motion to dismiss allege the following: (i) "...Debtor caused personal injuries to the Defendants while operating a motor vehicle under the influence of alcohol" (Motion to Dismiss, paragraph 7); (ii) "[d]espite the language of the stipulation in the civil case, Debtor's liability for operating a motor vehicle while under the influence of alcohol was adjudicated by the Vega Baja District Court in Criminal Case No. T99-0866" (Motion to Dismiss, paragraph 9, Exhibit I-copy of Arrest Report, Exhibit II- copy of criminal complaint and judgment); (iii) "[i]t has been held that this Court may look to a criminal conviction despite a civil judgment to determine the non dischargeability of a claim under 11 USC 523(a)(9). In Re Pahule, 78 BR 210 (1987), affd, 849 F. 2d 1056 (1988)" (Motion to Dismiss, paragraph 12); and (iv) "[i]t is submitted that creditors who hold claims covered under 11 USC 523(a)(9) are free to assert them against the Debtor after bankruptcy, without permission of the Bankruptcy Court. NCLC, Consumer Bankruptcy Law & Practice, 8th ed, Sec. 14.4.2" (Motion to Dismiss, paragraph 14). The court on November 13, 2008 granted Defendants-Creditors' motion requesting a thirty (30) day extension to file the answer to the complaint. (Docket No. 18). The court issued an order on November 20, 2008 stating that Defendants-Creditors attached to the motion to dismiss certain documentation, "tending to show that the debt falls within the stated exception" under 11 U.S.C. §523(a)(9) of the Bankruptcy Code and ordered Plaintiffs-Debtors to show cause within thirty (30) days as to why the motion to

dismiss should not be granted (Docket No. 25).

Subsequently, Plaintiffs-Debtors filed an "Opposition to Defendant's Motion To Dismiss" on November 21, 2008 based on the following: (i) "[d]efendants pursued the execution of a judgment entered by the State Superior Court of Bayamón under civil case number DDP 1999-0877 (404) in a civil proceeding in which, by stipulation of the parties, Plaintiffs did not admit or recognize any liability nor the facts alleged by Defendants in the complaint. The stipulation makes no reference to facts or the nature of the complaint filed by Defendants before the Superior Court of Bayamón;" (ii) "[t]he judgment entered by the Local Court incorporated the terms and conditions of the stipulation and made and made no finding of fact that would exempt Defendant's claim from the discharge entered by the Bankruptcy Court;" (iii) "...[t]he judgment entered by the Superior State Court does not distinguish what amount of the judgment is awarded from property loss and what amount is awarded for bodily injury;" (iv) "[t]he doctrine of *res judicata* applies in the instant case as it had been determined that in order to sustain an action to determine the dischargeability of debt that relates to operation of motor vehicle while intoxicated, the burden is placed upon the party requesting determination of non-dischargeability (here Defendants) to establish by a preponderance of the evidence the following: (1) a debt arising as the result of injury to the person, as opposed to property; (2) the debtor was operating a motor vehicle while intoxicated; and (3) causation, i.e., the first element case into existence as the proximate result of the second element. In re Crump, 321 B.R. 879 (2004);" and (v) "[t]he documents submitted by Defendants in their motion to dismiss (Police Report and Judgment in criminal case number T-99-866) refer to separate criminal proceedings which were not alluded or referred to in the stipulation filed and in the judgment entered by the State Superior Court of Bayamón." (Docket No. 26, paragraphs 6,8,9,10 &11). On November 24, 2008 the court issued an order by which it considered Plaintiffs-Debtors opposition to Defendants-Creditors motion to dismiss as their response to its previous order (Docket No. 25) to show cause as to why the motion to dismiss should not be granted and ordered Defendants-Creditors to reply to the same within twenty (20) days (Docket No. 28). The court on January 27, 2009 denied the motion to dismiss upon Defendants-Creditors failure to comply with this court's order (Docket No. 30).

On February 9, 2009, Defendants-Creditors filed a motion for leave to file reply to Plaintiffs-

Debtors' opposition to the motion to dismiss (Docket No. 32). In said motion, Defendants-Creditors argue that there are no material facts in controversy and that the relevant legal issue in this adversary proceeding was whether Defendants-Creditors' claim is excepted from discharge pursuant to 11 U.S.C. §523(a)(9) of the Bankruptcy Code (Docket No. 32). To support its position, Defendants-Creditors present the following arguments: (i) "...[p]laintiffs' reliance on the language included in the Stipulation filed in Civil Case No DDP 99-0877 is unfounded since his liability was previously adjudicated by the Vega Baja District Court in Criminal Case No T99-0866, and both cases refer to the same accident;" (ii) "[p]laintiffs' arguments for non liability based on the language of the Stipulation in Civil Case DDP 99-0877 are not sustainable under 11 USC 523(a)(9);" (iii) "[p]laintiffs' second argument regarding the alleged need to file a complaint to determine the non dischargeability of the claim is also unfounded under applicable law;" and (v) "...creditors who hold claims covered under 11 USC 523(a)(9) are free to assert them against Debtor after bankruptcy, without permission of the Bankruptcy court." (Docket No. 32, paragraphs 18, 19, 20 & 21). Plaintiffs-Debtors filed an opposition to Defendants-Creditors second motion to dismiss on February 26, 2009 (Docket No. 33). In addition to the arguments presented by the Plaintiffs-Debtors in their opposition to the first motion to dismiss, the Plaintiffs-Debtors advanced the following arguments: (i) "[n]o determination of nondischargeability of claim was made by the bankruptcy court nor any adversary proceeding was filed;"(ii) "[d]efendants base their request for dismissal in the misleading allegation that the claim for $15,000 was due to death or personal injury caused by the operation of a motor vehicle while intoxicated. However there is nothing in the record to indicate that this debt was of such nature;" (iii) "[t]he State Superior Court of Bayamón, in entering its judgment approving the stipulation made no finding of any liability regarding death or personal injury due to the operation of a vehicle while intoxicated nor was it mentioned or referred to in the stipulation voluntarily entered into and filed before the State Court;" and (iv) "Defendants attempt to justify the illegal collection of a discharged debt by wrongly relating said criminal proceeding to the judgment entered by the state court in a civil proceeding with a judgment that does not relate or make reference to issues in the criminal proceeding." (Docket No. 33. Pgs. 3-4).

On February 27, 2009, a status conference was held in which the court granted Defendants-

Creditors thirty (30) days to brief the issue of impact of 11 U.S.C. §523(a)(9) on property jointly owned, given that in this particular case, Section 523(a)(9) applies only to one of the Plaintiffs. Plaintiffs were granted sixty (60) days to reply. (Docket No. 34). Defendants-Creditors filed a motion in compliance with the aforementioned order on April 2, 2009 (Docket No. 36). Plaintiffs-Debtors filed their reply brief in compliance with said order on June 9, 2009 (Docket No. 37).

Applicable Law and Analysis

*Standard for Granting a Motion to Dismiss*

Motions to dismiss for failure to state a claim upon which relief may be granted are governed by Federal Rule of Civil Procedure 12(b)(6), which provides that a defense of "failure to state a claim upon which relief can be granted" to a claim for relief may be presented by motion before the filing of a responsive pleading. A motion to dismiss a counterclaim pursuant to Fed. R. Civ. P. 12(b)(6) is available to test a claim for relief in any pleading, including a defendant's counterclaim. See 5B Wright & Miller, Federal Practice and Procedure: Civil 3d § 1356 at 368-369.

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 173 L. Ed. 2d. 868 (2009) citing Bell Atlantic v. Twombly, 127 S. Ct. at 1974. Thus, a "complaint must plead facts 'that raise a right to relief above the speculative level'" Dixon v. Shamrock Fin. Corp., 522 F. 3d 76, 79 (1st Cir, 2008); Cook v. Gates, 528 F. 3d 42, 48 (1st Cir. 2008); Gray v. Evercore Restructuring L.L.C., 544 F. 3d 320, 324 (1st Cir. 2008); Gagliardi v. Sullivan, 513 F. 3d 301, 305 (1st Cir. 2008); Perez Acevedo v. Rivero-Cubano at 29; Trans-Spec Truck Serv. v. Caterpillar Inc., 524 F. 3d 315, 320 (1st Cir. 2008); Citibank Global Markets, Inc. v. Rodriguez Santana, 573 F. 3d 17 (1st Cir. 2009). "Because a dismissal terminates an action at the earliest stages of the litigation, without a developed factual basis for decision, the court must carefully balance the rule of simplified civil pleading against the need for something more than conclusory allegations. Washington Legal Foundation v. Massachusetts Bar Foundation, 993 F. 2d 962, 971 (1st Cir. 1993). The court will not accept unsupported conclusions or interpretations of the law. Id.

*Determination of Exception to Discharge under 11 U.S.C. §523(a)(9)*

Section 1328(a) of the Bankruptcy Code specifically provides for certain types of debts to be

9

exempted from discharge. However, "exceptions to discharge are narrowly construed... and the claimant must show that its claim comes squarely within an exception enumerated in Bankruptcy Code §523(a)" McCrory v. Spigel (In re Spigel), 260 F. 3d 27, 32 (1st Cir. 2001) quoting Century 21 Balfour Real Estate v. Menna, 16 F. 3d 7, 9 (1st Cir. 1994). Section 523(a)(9) specifically excepts from discharge an individual's debt "for death or personal injury caused by the debtor's operation of a motor vehicle, vessel, or aircraft if such operation was unlawful because the debtor was intoxicated from using alcohol, a drug, or another substance."[2] 11 U.S.C. §523(a)(9).

Fed. R. Bankr. P. 4007(b) specifically establishes that "a complaint other than under §523(c) may be filed at any time" and thus, a case may be reopened to determine the dischargeability or nondischargeability of a debt. Fed. R. Bankr. P. 4007(b). See Alan N. Resnick & Henry J. Sommer, 9 Collier on Bankruptcy ¶4007.03 (15th ed. 2009); Alan N. Resnick & Henry J. Sommer, 10 Collier on Bankruptcy ¶7001.07 (15th ed. 2009). Bankruptcy courts have exclusive jurisdiction to determine the dischargeability of debts that fall within Section 523(a)(2), 523(a)(4) and 523(a)(6). See Alan N. Resnick & Henry J. Sommer, 10 Collier on Bankruptcy ¶7001.07 (15th ed. 2009). Thus, a determination of dischargeability or nondischargeability for those debts other than those under Section 523(c) is not limited to the bankruptcy court but may be made by the court having jurisdiction over the underlying claim. See In re Jones, 348 B.R. 715, 718 (Bankr. E.D. Va. 2006). Furthermore, state courts have concurrent jurisdiction with the bankruptcy court to determine the issue of nondischargeability pursuant to 11 U.S.C. §523(a)(9). See In re Smith, 83 B.R. 433, 436 (Bankr. E.D. Mich. 1988); In re Anderson, 74 B.R. 463, 464 (Bankr. E.D. Wis. 1987). If the claimant chooses to present before the bankruptcy court an issue regarding the determination of nondischargeability of a particular debt, it must do so by filing a complaint in an adversary proceeding. See Fed. R. Bankr. P. 4007(a), 4007(e) and 7001(6); Alan N. Resnick & Henry J. Sommer, 10 Collier on Bankruptcy ¶7001.07 (15th ed. 2009).

---

[2]BAPCPA (Pub. L. No. 109-8, §1209), effective for bankruptcy cases commenced on or after October 17, 2005, added the operation of an aircraft or vessel while intoxicated to the acts which may except a debt from discharge pursuant to §523(a)(9). However, this particular amendment is not pertinent to this particular case.

10

In a proceeding to determine nondischargeability under Section 523(a)(9), the claimant must prove the following three (3) elements: (1) an existing debt based on death or personal injury; (2) caused by operation of a motor vehicle, vessel or aircraft; and (3) which was being operated unlawfully under state law due to debtor's intoxication. Alan N. Resnick & Henry J. Sommer, 4 Collier on Bankruptcy ¶523.15 (15th ed. 2009). A claimant must prove the above-referenced elements by a preponderance of the evidence. Grogan v. Garner, 498 U.S. 279, 111 S. Ct. 654, 112 L.Ed. 2d 755 (1991). A claimant need not establish a causal link between debtor's intoxication and the death or personal injury. See In re Wagner, 2007 U.S. Dist. Lexis 22769 (E.D. Pa. Mar. 27, 2007); Le Merle v. Thornton (In re Thornton), 2004 Bankr. Lexis 1289 (Bankr. S.D. Fla. July 30, 2004); In re Kupinsky, 133 B.R. 993, 998 (Bankr. S.D. Ill. 1991); Contreras v. Dale (In re Dale), 199 B.R. 1014, 1022 (Bankr. S.D. Fla. 1995); Whitson v. Middleton, 898 F. 2d. 950, 953 (4th Cir. 1990).

Legal records from a prior state court proceeding in which there is a finding with respect to debtor's liability may provide a sufficient basis for the bankruptcy court to ascertain that such claim is nondischargeable pursuant to Section 523(a)(9) of the Bankruptcy Code. See In re Pahule, 849 F. 2d. 1056 (7th Cir. 1988). However, if the legal records from a prior state proceeding are insufficient to prove nondischargeability of a debt, the claimant may submit to the bankruptcy court additional evidence to substantiate the necessary elements in a nondischargeability action under Section 523(a)(9) of the Bankruptcy Code. Alan N. Resnick & Henry J. Sommer, 4 Collier on Bankruptcy ¶523.15 (15th ed. 2009).

In the instant case, Defendants-Creditors have simply cut corners and thus, have failed to abide by the Bankruptcy Code and by the Federal Rules of Bankruptcy Procedure, in particular since they never obtained a finding either from state court or from this court asserting that their claim indeed satisfied the three (3) necessary elements for a claim to be held nondischargeable under Section 523(a)(9) of the Bankruptcy Code. Moreover, the state court judgment by stipulation of the tort claim is barren of any findings related to debtor's liability stemming from an accident caused by debtor's unlawful (due to his intoxication) operation of a motor vehicle under state law. The judgment by stipulation does not even reference the criminal judgment in case number T99-866 in which debtor Rafael A. Maldonado Rosado was convicted of driving a motor vehicle under the

11

influence of alcohol, in violation of Article 8, Section 5-801 of Act Number 141 of July 20, 1960. Thus, all of Defendants-Creditors' actions (such as the public sale of Plaintiffs-Debtors residence and the execution of the deed of judicial sale of the real estate property) related to the execution of the state court judgment of the tort claim are null and void, given that there was never a finding by either the state or bankruptcy court that such claim was nondischargeable under Section 523(a)(9) of the Bankruptcy Code. Furthermore, Defendants-Creditors should know that, "... a creditor who proceeds outside the bankruptcy court without first seeking a determination of dischargeability or relief from the discharge injunction runs the risk of being held in contempt for violation of the discharge injunction if the debt is determined to be dischargeable." In re Jones, 348 B.R. at 719 fn. 3 citing Cherry v. Arendall (In re Cherry), 247 B.R. 176 (Bankr. E.D. Va. 2000).

Conclusion

For the reasons stated above, this court finds that Plaintiffs' complaint pleads various claims for which relief may be granted in this adversary proceeding.

In view of the foregoing, Defendants-Creditors' second motion to dismiss is hereby DENIED and Defendants-Creditors shall file an answer to the complaint within twenty (20) days.

In San Juan, Puerto Rico, this 13th day of October 2009.

ENRIQUE S. LAMOUTTE
U. S. Bankruptcy Judge