UNITED STATES BANKRUPTCY COURT
DISTRICT OF PUERTO RICO

IN RE:

RAFAEL MALDONADO ROSADO and
CARMEN Y. ORTIZ REYES

DEBTORS

_____

RAFAEL MALDONADO ROSADO and
CARMEN Y. ORTIZ REYES

Plaintiffs

Vs.

VICTOR CRUZ COLON, LYDIA CASTRO
AND THEIR CONJUGAL PARTNERSHIP;
LUIS MORELL MORELL, et. al.
Defendants

_____

CASE NUMBER 01-06989- ESL

CHAPTER 13

ADVERSARY PROCEEDING NUMBER:

08-01153

OPINION AND ORDER

This adversary proceeding is before the court upon defendants' motion for summary judgment and the opposition thereto by the debtors/plaintiffs.  Defendants allege and contend that the determination regarding the nondischargeability of their claim under 11 U.S.C. § 523(a)(9) was adjudicated by the Superior Court of Puerto Rico in case number DDP-1999-0877.  Plaintiffs allege that defendants violated the discharge injunction and should be sanctioned because the state court made no specific finding or determination regarding the dischargeability of defendants' claim.

Procedural History

The procedural history of this case is detailed in the opinion and order entered on October 13, 2009, dkt. # 38.  The same will not be repeated and is incorporated herein.

Summary Judgment Standard

Rule 56 of the Federal Rules of Civil Procedure, is applicable to this proceeding by Rule 7056 of the Federal Rules of Bankruptcy Procedure, provides that summary judgment should be entered "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the

- 2 -

moving party is entitled to a judgment as a matter of law." Fed. R. Bankr. P. 7056; *see also*, In re Colarusso, 382 F.3d 51 (1ˢᵗ Cir. 2004), citing Celotex Corp. v. Catrett, 477 U.S. 317, 322-23, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).

"The summary-judgment procedure authorized by Rule 56 is a method for promptly disposing of actions in which there is no genuine issue as to any material fact or in which only a question of law is involved." 10A Wright, Miller & Kane, Federal Practice and Procedure 3d§ 2712 at 198. "Rule 56 provides the means by which a party may pierce the allegations in the pleadings and obtain relief by introducing outside evidence showing that there are no fact issues that need to be tried." Id at 202-203. Summary judgment is not a substitute for a trial of disputed facts; the court may only determine whether there are issues to be tried, and it is improper if the existence of a material fact is uncertain. Id at 205-206.

Summary judgment is warranted where, after adequate time for discovery and upon motion, a party fails to make a showing sufficient to establish the existence of an element essential to its case and upon which it carries the burden of proof at trial. Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). The moving party must "show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c).

For there to be a "genuine" issue, facts which are supported by substantial evidence must be in dispute thereby requiring deference to the finder of fact. Furthermore, the disputed facts must be "material" or determinative of the outcome of the litigation. Hahn v. Sargent, 523 F.2d 461, 464 (1st Cir. 1975), cert. denied, 425 U.S. 904 (1976). When considering a petition for summary judgment, the court must view the evidence in the light most favorable to the nonmoving party. Poller v. Columbia Broadcasting Systems, Inc., 368 U.S. 464, 473 (1962); Daury v. Smith, 842 F.2d 9, 11 (1st Cir. 1988).

The moving party invariably bears both the initial as well as the ultimate burden in demonstrating its legal entitlement to summary judgment. Adickes v. Kress & Co., 398 U.S. 144, 157 (1970). See also López v. Corporación Azucarera de Puerto Rico, 938 F.2d 1510, 1516 (1st Cir. 1991). It is essential that the moving party explain its reasons for concluding that the record does not contain any genuine issue of material fact in addition to making a showing of support for those

- 3 -

claims for which it bears the burden of trial. Bias v. Advantage International, Inc., 905 F.2d 1558, 1560-61 (D.C. Cir. 1990), cert. denied, 498 U.S. 958 (1990).

The moving party cannot prevail if any essential element of its claim or defense requires trial. López, 938 F.2d at 1516. In addition, the moving party is required to demonstrate that there is an absence of evidence supporting the nonmoving party's case. Celotex, 477 U.S. at 325. See also, Prokey v. Watkins, 942 F.2d 67, 72 (1st Cir. 1991); Daury, 842 F.2d at 11. In its opposition, the nonmoving party must show genuine issues of material facts precluding summary judgment; the existence of some factual dispute does not defeat summary judgment. Kennedy v. Josepthal & Co., Inc., 814 F.2d 798, 804 (1st Cir. 1987). See also Kauffman v. Puerto Rico Telephone Co., 841 F.2d 1169, 1172 (1st Cir. 1988); Hahn, 523 F.2d at 464. A party may not rely upon bare allegations to create a factual dispute but is required to point to specific facts contained in affidavits, depositions and other supporting documents which, if established at trial, could lead to a finding for the nonmoving party. Over the Road Drivers, Inc. v. Transport Insurance Co., 637 F.2d 816, 818 (1st Cir. 1980).

The moving party has the burden to establish that it is entitled to summary judgment; no defense is required where an insufficient showing is made. López, 938 F.2d at 1517. The nonmoving party need only oppose a summary judgment motion once the moving party has met its burden. Adickes, 398 U.S. at 159.

Facts

The following facts in defendants' statement of uncontested facts do stand uncontested:

1. The Vega Baja District court adjudicated in criminal case number T99-0866 that plaintiff was guilty of driving a motor vehicle under the influence of alcohol. The conviction, after trial, was based on a police report (99-2-392-0542) stating that plaintiff Rafael Rosado crashed (rear-ended) defendants' vehicle. The tests performed on plaintiff showed an intoxication level of .258%.

2. Defendants filed a civil action for damages against plaintiffs based on the accident caused by Rafael Maldonado Rosado and subject of the above described criminal conviction, Case number DDP 99-0877.

3. Judgment by stipulation was entered on June 7, 2001, settling the claim for $15,000.

- 4 -

The following facts appear uncontested from the record and the cross motions for summary judgment:

4. Plaintiffs filed a voluntary Chapter 13 petition on June 19, 2001.  Plaintiffs included the defendants in the schedules  as unsecured creditors in the amount of $15,000.

5. After completion of all plan payments, plaintiffs were granted a discharge under § 1328(a) on October 24, 2005.

6. On October 17, 2008 Plaintiffs filed a complaint based on alleged violations of the discharge injunction pursuant to 11 U.S.C. §524(a) of the Bankruptcy Code committed by the Defendants and that they should be held in civil contempt for their reckless disregard of this court's discharge order.

7. Plaintiffs allege the following facts occurred  pre-petition: (I) "[o]n or about the date of March 5, 1999, Plaintiff Rafael A. Maldonado Rosado was involved in a traffic accident with Defendants Víctor Manuel Cruz Colón and Lydia Castro Soberal" (Docket No. 1, paragraph 6); (ii) "[o]n or about the date of September 14, 1999 co-defendants Víctor Manuel Colón and Lydia Castro Soberal filed complaint for damages before the State Superior Court of Bayamón under case DDP 1999-0877 (404)." (Docket No. 1, paragraph 7); (iii) on May 4, 2001 Víctor Manuel Cruz Colón and Lydia Castro Soberal through their respective legal representative, Luis M. Morell Morell and Plaintiffs-Debtors entered into a joint stipulation ("Estipulación Sobre Transacción y Solicitud de Sentencia," Docket No. 1, Exhibit 1) to settle a tort claim by which Debtors were obliged to pay $15,000.00 to Víctor Cruz Colón and Lydia Castro Soberal; and (iv) the state court entered the judgment upon stipulation ("Sentencia Por Estipulación," Docket No. 1, Exhibit 2) in case number DDP 1999-0877 (404) on May 23, 2001 and the same was registered and notified on June 7, 2001.

Discussion

The dispositive statutory provision in this case is 11 U.S.C § 523(a)(9).  As stated in this court's order of October 2010:

In a proceeding to determine nondischargeability under Section 523(a)(9), the claimant must prove the following three (3) elements: (1) an existing debt based on death or personal injury; (2) caused by operation of a motor vehicle, vessel or aircraft;

- 5 -

and (3) which was being operated unlawfully under state law due to debtor's intoxication. Alan N. Resnick & Henry J. Sommer, 4 Collier on Bankruptcy ¶523.15 (15th ed. 2009). A claimant must prove the above-referenced elements by a preponderance of the evidence. Grogan v. Garner, 498 U.S. 279, 111 S. Ct. 654, 112 L.Ed. 2d 755 (1991). A claimant need not establish a causal link between debtor's intoxication and the death or personal injury. See In re Wagner, 2007 U.S. Dist. Lexis 22769 (E.D. Pa. Mar. 27, 2007); Le Merle v. Thornton (In re Thornton), 2004 Bankr. Lexis 1289 (Bankr. S.D. Fla. July 30, 2004); In re Kupinsky, 133 B.R. 993, 998 (Bankr. S.D. Ill. 1991); Contreras v. Dale (In re Dale), 199 B.R. 1014, 1022 (Bankr. S.D. Fla. 1995); Whitson v. Middleton, 898 F. 2d. 950, 953 (4th Cir. 1990).

Legal records from a prior state court proceeding in which there is a finding with respect to debtor's liability may provide a sufficient basis for the bankruptcy court to ascertain that such claim is nondischargeable pursuant to Section 523(a)(9) of the Bankruptcy Code. See In re Pahule, 849 F. 2d. 1056 (7th Cir. 1988). However, if the legal records from a prior state proceeding are insufficient to prove nondischargeability of a debt, the claimant may submit to the bankruptcy court additional evidence to substantiate the necessary elements in a nondischargeability action under Section 523(a)(9) of the Bankruptcy Code. Alan N. Resnick & Henry J. Sommer, 4 Collier on Bankruptcy ¶523.15 (15th ed. 2009).

The discharge is one of the basic reasons for filing a bankruptcy petition. However, not all debts survive a discharge. The statutory provision governing the debts that are not discharged is section 523. The Bankruptcy Code treats the discharge of a debt as self-effectuating in four exceptions, these are the debts included in sections 523(a)(2, 4, 6, and 15). The debts will be discharged unless a creditor files an adversary proceeding to determine that the debt is not discharged under one of these subparagraphs. Actions to determine the dischargeability of a debt are procedurally governed by Fed. R. Bankr. P. 4007. The bankruptcy court has exclusive jurisdiction to determine the dischargeability of debts under sections 523(a)(2,4,6, and 15). The other exceptions, including 523(a)(9), survive the discharge absent a court determination.

The uncontested facts show that the defendants' claim meets the requirements of section 523(a)(9). The debt is the result of a personal injury caused by the plaintiffs while operating a motor vehicle, unlawfully as per the laws of the Commonwealth of Puerto Rico due to debtor's intoxication.

Since there was no action to determine the dischargeability of a debt meeting the requirements

- 6 -

of section 523(a)(9), the same survived the discharge.

Conclusion

Based on the above findings and conclusions, the court hereby grants defendants' motion for summary judgment and orders that judgment be entered dismissing the complaint.

IT IS SO ORDERED.

Dated this 15th of July, 2011, in San Juan, Puerto Rico.

Enrique S. Lamoutte
United States Bankruptcy Court